*ALBANY,*
*October, 1823.*

SMITH
v.
SHAW

------

## SMITH against SHAW.

THE plaintiff had noticed this cause for *trial*, and *six* days before the Circuit, he countermanded the notice, and the defendant's attorney then told him that no subpœnas had been issued, because his client told him he had no witnesses to

*Though the defendant's attorney tell the plaintiff's attorney, that he has issued no subpœnas,*

and that the defendant has no witnesses to subpœna, this does not imply that no costs have accrued on the part of the defendant in preparing a cause for trial ; and under such circumstances, though a notice of trial, given by the plaintiff's attorney, be countermanded by him, and he stipulate to try at the next circuit, and serve the stipulation before he receives the notice of a motion for judgment, as in case of non-suit, yet the defendant has a right to make the motion.

The plaintiff's attorney, on stipulating, should have offered to pay the costs accrued ; for though the defendant have no witnesses, yet there may be the costs of a brief for trial and preparing papers for the motion.

ALBANY,
October, 1823.

SMITH
v.
HUDSON.

subpœna. After the Circuit, and before notice of a motion for judgment, as in case of nonsuit, the plaintiff's attorney tendered to the defendant's a stipulation to try at the next Circuit, but did not offer to pay any costs. And now, the defendant moved for judgment, as in case of nonsuit, which motion was opposed as irregular.

*Sherwood & Parker*, for the plaintiff.

*Root & Hobbie*, for the defendant.

*Curia.* No subpœnas issued and no witnesses to subpœna, do not necessarily imply that no costs had accrued. There might have been the costs of a brief for the trial and of preparing papers for this very motion, which should have been tendered.

SUTHERLAND, J. dissented. He thought, that under the circumstances, the party applying should have shewn affirmatively, that costs had, *in fact*, accrued.

Motion granted.